### J. E. THRASHER, JR., L. B. THRASHER and B. E. THRASHER, v. OCALA MANUFACTURING ICE AND PACKING COMPANY, a Florida corporation, JAMES J. TAYLOR, LILLIAN J. WATKINS, Individually and as Executrix of the Estate of Sue D. Barr, CAROLINE B. WATKINS and JOHN BARR WATKINS, JR.

15 So. (2nd) 32                      June Term, 1943

September 21, 1943                 Division A

*Adkins & Arnow* and *Talbot Whitfield,* for appellant.

*L. W. Duval* and *Baxter & Clayton,* for appellees.

ADAMS, J.:

This appeal is to review a decree dismissing a bill on motion of defendant. The purpose of the suit was to set aside certain conveyances as fraudulent and subject the real estate therein described to a judgment.

From the bill, it appears that J. E. Thrasher, a merchant, extended credit to John Barr Watkins from 1918 to about 1928. In 1929, Thrasher reduced the open account to judgment. The real estate sought to be reached was conveyed to Watkins in 1920 by his grandfather and grandmother. In 1922, Watkins reconveyed the property without consideration to his grandmother; subsequently and long prior to the filing of this suit, the property was conveyed to one of the appellees. This property is located in Alachua County and the aforesaid deeds were duly recorded therein and the judgment was entered in the Circuit Court of said County. Thrasher died in 1937; Watkins died in 1939, and this suit was filed in 1942.

It is alleged that Watkins remained in possession of the property as apparent owner until 1939 and by such fraudulent pretense obtained the credit.

Was the bill bad for laches? In this class of cases, if laches appear on the face of the bill the defect is subject to a motion to dismiss. Section 41, Florida Chancery Pleading and Practice, Kooman. See also Anderson v. Northrop, et al., 30 Fla. 612, 12 So. 318; Moseley v. Taylor, 68 Fla. 294, 67 So. 95; Norton v. Jones, 83 Fla. 81, 90 So. 854; Byrne Real. Co., et al., v. S. F. F. Co., 81 Fla. 805, 89 So. 318.

There can be no rigid rule to determine whether laches will bar a claim. The nature and circumstances of each case

must govern. It has been said that laches will apply where there is an unexplained delay in prosecuting the claim until death has closed the lips of the interested parties. Geter v. Simmons, 57 Fla. 423, 49 So. 131; DeHuy v. Osborne, 96 Fla. 435, 118 So. 161; Davidson v. Grady, 105 Fed. (2nd) 405.

It is claimed that Thrasher had no notice of the fraudulent conveyance in 1922 and extended the credit on the apparent ownership of Watkins, yet the bill shows a lawful record of the conveyance in 1922 and Thrasher continued to sell the debtor until 1928. In 1929, he reduced the debt to judgment and made no attack on the transfer during the remaining eight years of his life. See Somers v. Spaulding, 229 Iowa 432, 294 N. W. 610, 133 A.L.R. 1300.

We find no error in the decree appealed from.

Affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.