115 So.2d 573 (1959)
Harry H. MARTIN, Appellant,
v.
William F. WILSON, as Adm. c.t.a. Will of William Darwin McDonald, deceased, and Gladys McConnell Cron, Appellees.
No. B-194.
District Court of Appeal of Florida. First District.
November 5, 1959.
Rehearing Denied November 30, 1959.
Harry H. Martin, Jacksonville, for appellant.
E.P. Mulcahy, Jacksonville, for appellees.
WIGGINTON, Chief Judge.
Plaintiff has appealed from an order dismissing with prejudice his third amended complaint. The question presented for *574 our consideration is whether the complaint is sufficient to entitle plaintiff to the relief he seeks.
In substance the complaint alleges that in 1939 plaintiff, an attorney at law, represented a client who owned a parcel of land then involved in litigation. Plaintiff successfully defended that suit, at the conclusion of which the client was unable to pay him his attorney's fee. It was then that plaintiff and one William Darwin McDonald contracted to purchase from the client the property involved in the suit. It was agreed that a portion of the parcel would be conveyed to plaintiff in payment of his attorney's fee, and the remainder conveyed to McDonald who advanced the entire cash consideration involved in the transaction. The client thereupon deeded the entire parcel of land owned by her, title to which was taken as a matter of convenience in the name of one Elizabeth McDonald, sister of the purchaser, William McDonald. Plaintiff immediately went into possession of his portion of the property and has continued in possession down to the date of the filing of this suit on May 23, 1958. Neither the named grantee Elizabeth McDonald, nor the joint purchaser William McDonald, ever claimed any ownership in or title to that portion of the parcel now claimed by plaintiff.
Elizabeth McDonald died testate in 1954, leaving a will which devised to her brother, William McDonald, all property owned by her. The complaint is silent as to whether any claim was made by plaintiff against the estate of Elizabeth McDonald for the property now claimed by him, record title to which was vested in the deceased. William McDonald, sole beneficiary of Elizabeth McDonald, died testate in 1957, devising all property owned by him to his daughter, Gladys McConnell Cron, who is a defendant in this proceeding. Defendant William F. Wilson, as executor of the will of William McDonald, notified plaintiff that he did not recognize any claim which plaintiff asserted to the land involved herein, whereupon plaintiff filed his claim to the disputed land in the William McDonald estate. This claim was objected to by the executor and within three months following the filing of such objection this suit was instituted.
The chancellor dismissed plaintiff's third amended complaint with prejudice pursuant to defendants' motion made upon the specified grounds that the complaint failed to state a cause of action; that the claim, if any, is barred by laches; that plaintiff's claim is in violation of the statute of frauds, as well as F.S. Section 689.05, F.S.A., which provides that express trusts may be established only by an instrument in writing.
It is a settled principle of law in this jurisdiction that where the purchase money of land is paid by one person, and the title is taken in the name of another, a resulting trust arises and the party taking the title is presumed to hold it in trust for him who pays the purchase price.[1] A resulting trust may be established by parol evidence and is not in contravention of the statute of frauds.[2] The statute provides that express trusts must be evidenced by some writing signed by the party authorized by law to declare or create such trusts or else it is void and of no effect.[3] This statute, however, has no application to the creation of trusts which arise or result by the implication or construction of law. It therefore must be held that the allegations of the complaint are sufficient to establish a resulting trust if proved by evidence so clear, strong and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of the trust.[4]
*575 It is noted that a period of some eighteen years transpired between the date on which plaintiff alleges he acquired an interest in the disputed property and the date on which this suit was filed to establish his rights thereto. Courts of equity view with disfavor suits brought long after the transactions in issue have occurred, and long after death has closed the lips of those familiar with the occurrences remote in point of time.[5] When such circumstances appear on the face of the complaint, and the delay in prosecuting plaintiff's claim is unexplained, the doctrine of laches will bar relief.[6]
The complaint contains no allegations from which it could be inferred that any confidential relationship existed between plaintiff and Elizabeth McDonald, the alleged trustee. From the complaint it affirmatively appears that fourteen years passed between the date on which Elizabeth McDonald took title to the land in question and the date of her death. There is no explanation in the complaint as to why during this long interval of time plaintiff did not demand and receive a conveyance to the parcel of land purchased by him, or procure from the trustee any written evidence of his interest therein containing the terms and conditions on which he would become vested with record title thereto. Plaintiff's failure to file a claim in the Elizabeth McDonald Estate for the purpose of establishing his rights to the land in question is likewise unexplained. A period of an additional three years expired between Elizabeth McDonald's death when title to the property vested in her passed to her brother, William McDonald, and the date on which William McDonald died. The complaint likewise fails to explain why plaintiff did not take appropriate steps to procure from McDonald documentary evidence of his rights in the questioned property during this interval of time. The complaint fails to allege by whom or under what circumstances taxes assessed against the land during the previous eighteen years had been paid, and although it alleges that plaintiff went into possession of the portion purchased by him, it fails to allege that plaintiff's possession was evidenced in such manner as to constitute notice to all parties concerned of plaintiff's interest therein. It apparently was the view of the chancellor that plaintiff's rights, if any, are barred by laches.
Upon a careful consideration of the allegations of the complaint construed in a light most favorable to plaintiff, we cannot say with any conviction that the chancellor erred in arriving at the conclusions reached by him. The order dismissing the complaint is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Pyle v. Pyle, Fla. 1951, 53 So.2d 312; Walker v. Landress, 111 Fla. 356, 149 So. 545.
[2] Walker v. Landress, see note 1.
[3] Section 689.05, F.S.
[4] Geter v. Simmons, 57 Fla. 423, 49 So. 131.
[5] Geter v. Simmons, see note 4.
[6] Thrasher v. Ocala Mfg. Ice & Packing Co., 153 Fla. 488, 15 So.2d 32; DeHuy v. Osborne, 96 Fla. 435, 118 So. 161.