142 So.2d 113 (1962)
Dorothy M. SKILLMAN, Appellant,
v.
James R. BAKER and Ruby Baker, His Wife, A.J. Kennedy, Flora M. Kennedy, City of Crestview and County of Okaloosa, Appellees.
No. D-298.
District Court of Appeal of Florida. First District.
June 7, 1962.
W.E. Skillman, Crestview, for appellant.
Lloyd C. Powell, Crestview, for appellees.
CARROLL, DONALD K., Chief Judge.
The plaintiff in a tax lien foreclosure suit has appealed from a final decree entered by the Circuit Court for Okaloosa County dismissing her complaint at her cost.
The pertinent facts shown by the evidence or admitted in the pleadings are as follows:
The defendant City of Crestview, in Okaloosa County, during 1957 and 1958 assessed and levied taxes against certain land in the said city described as "Lots 36 and 37 in Block 1 of Jack Kennedy's Addition to Crestview. * * *" The said taxes not having been paid, on October 5, 1959, the city tax collector sold to the said city the said lands at a regular tax sale for *114 $5.51, the amount due for the said taxes, with interest, costs, and charges. This sale was evidenced by Tax Sale Certificate No. 287, executed by the city tax collector, which certificate, dated October 5, 1959, also recites that the said city "or its assigns, will therefore be entitled to a deed of conveyance of such lands in accordance with law, unless the same shall be redeemed within two years by paying said amount, with interest at the rate of twelve percent per annum for the first year and eight percent per annum thereafter. * * *" On August 2, 1961, the said certificate was assigned by the said tax collector to the plaintiff in the principal sum of $5.51.
The defendants James R. Baker and his wife became the owners of the said lands by virtue of a warranty deed dated September 14, 1959, and recorded September 10, 1960. The warranty deed misdescribed the lands but this error was corrected in a quit-claim deed dated and recorded on October 27, 1961. The defendants Baker through an agent on September 21, 1961, paid the said taxes for 1957 and 1958 as evidenced by a receipt of the city acknowledging the payment by the defendant James R. Baker of $6.71 to pay for the said taxes plus interest and charges. The defendant city, however, has not refunded to the plaintiff the amount she paid it for the assignment of the tax certificate.
On October 11, 1961, the plaintiff filed the present suit against the said Bakers, as well as two former owners of the land, and against the said city and the County of Okaloosa. Her complaint alleges most of the above-mentioned facts and prays that the court order the defendants, or such of them as the court may direct, to pay her such sum of money as may be found to be due upon the said tax lien held by her, together with interest and costs, including a reasonable attorney's fee; and prays that the said sum be declared a superior lien on the said land and that this land be sold and the proceeds of such sale disbursed first to pay the said sum to her and the surplus distributed as the court may deem just and equitable.
We think that the chancellor correctly ruled that the plaintiff is not entitled to a tax lien on the land in question. The tax certificate, which is the foundation of her claim, expressly provides that it is subject to a right of redemption for a period of two years, which right was duly exercised within the prescribed period. However, we further think that the court, having taken jurisdiction of the cause, should have proceeded to do full equity among the parties in keeping with the time-honored equitable maxim that equity delights to do justice and not by halves, which maxim means that equity's aim is to have all interested parties in court and to render a complete decree adjusting all rights and protecting the parties against future litigation. See 30 C.J.S. Equity § 104, page 506, and Wilson v. Rooney, 101 So.2d 892 (Fla. App. 1958).
In our opinion, the defendant City of Crestview could not equitably receive full payment of the 1957 and 1958 taxes on September 21, 1961, without promptly thereafter refunding to the plaintiff the amount she had paid the city for the assignment of the tax certificate, together with interest from the date of the assignment. While the exact amount she so paid is not proven in the record, that amount may be ascertained from evidence that may be adduced by the parties after the remand of this cause.
We hold that the final decree appealed from should be, and it is reversed as to the part discussed in the preceding paragraph, and the decree is otherwise affirmed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
Affirmed in part and reversed in part, and remanded with directions
STURGIS and RAWLS, JJ., concur.