CHARLES CARROLL, Chief Judge.
This appeal is by the plaintiff below from an order granting a motion to dismiss, filed on behalf of one of the defendants, Francis I. duPont & Co., and dismissing the amended complaint with prejudice as to that defendant. The ruling of the trial judge imports his opinion that the amended complaint did not set forth facts upon which relief could be granted against the defendant Francis I. duPont & Co. We agree, and affirm the dismissal of the cause as to that defendant.
The action was brought by the plaintiff, against the several defendants who are named above as appellees, to trace and recover .assets of Our Lady of Peace Church located in Columbus, Ohio. The facts material to our consideration of this appeal, as alleged in the initial complaint, were the following. The plaintiff bishop, as a corporation sole, owns the property and assets of the Diocese of Columbus, Ohio, including the property and assets of Our Lady of Peace Church located in that city. One George H. Foley, while serving as pastor of the church invested certain funds of the church through a brokerage house in Columbus, Ohio. The defendant Joseph Gibson Foley, a brother of the pastor, was an agent (registered representative) of a stock brokerage firm, in its Miami, Florida, office. The pastor caused his brokerage account to be transferred to the Miami office of the company where his brother was employed, and his investments then proceeded there through his brother as the broker’s agent. As a result of certain mergers, the brokerage account of the church became lodged with Francis I. duPont & Co., in the Miami office of which the pastor’s brother Joseph Gibson Foley became an employee, and the investments by or on behalf of the church continued there under the name of “Our Lady of Peace Church, Rev. George H. Foley.” Reverend Foley died on February 2, 1965.
It was alleged that during a period beginning several days prior to the death of Reverend Foley and extending for approximately two weeks after the date of his death, the broker’s agent Joseph Foley liquidated the account and received a series of checks or drafts from the broker, made payable to the customer (Our Lady of Peace Church, Rev. George H. Foley), that Joseph Foley then deposited those drafts in an account which had previously been established and maintained for the customer in the defendant Florida National Bank & Trust Company at Miami, and thereafter misappropriated the monies in that bank account. It was alleged the account in the bank was a joint one, in the name of the pastor and Joseph Foley; that the bank had not obtained the signature of the pastor George Foley in connection with the establishment of the joint account and that the drafts above referred to which had been made by duPont to the customer had been deposited by Joseph Foley without the endorsement by the payee, and it was alleged that following the deposit of the drafts in the account in the bank Joseph Foley had appropriated the proceeds of the joint account to his own use. Those allegations, in substance, were the basis of claims asserted by the plaintiff against the said bank and Joseph Foley in the initial complaint. They remain unchanged in the cause with reference to the claims against the bank. The amendment to the complaint was an enlargement on the allegations as a basis for the plaintiff’s claim against the *216 duPont firm. In the amendment it was alleged that Joseph Foley intercepted the drafts and cashed or deposited them for his own account, without repeating the details as to the joint bank account and his deposit of the drafts in that account. However, on reading the complaint and the amended complaint together, the showing made as it involves the defendant duPont, is that on sale of the securities of the customer, drafts were issued payable to the customer and that the broker’s agent deposited them in an account in the defendant bank where they were available to the customer church.
In our view the trial court was justified in concluding that at that point when the drafts had been so deposited in the bank the responsibility of the broker was terminated, it having fulfilled its duty to pay to the customer the net proceeds from the sales. What may have occurred with reference to the deposited funds thereafter might involve other parties, but such subsequent handling or disposition thereof was not the concern of the defendant duPont.
Accordingly, the judgment appealed from dismissing the defendant Francis I. duPont & Co. from the cause is affirmed.
Affirmed.