CHARLES CARROLL, Chief Judge.
In this suit for accounting an interlocutory appeal by the plaintiff below is pending from an order entered November 17, 1967. The appeal challenges a ruling that the plaintiff was not entitled to an accounting against the defendant Joseph Gibson Foley with respect to one of three brokerage accounts as to which Foley had acted as agent, being the account of Our Lady of Peace Church, Rev. George H. Foley with Francis I. duPont & Co., and numbered 620-6870. In the same order it was held (having been conceded by the defendant Joseph Gibson Foley), that plaintiff was entitled to an accounting from him with respect to the other two brokerage accounts, namely the account in the name of Lady of Peace Convents, Rev. George H. Foley, No. 620-6871 and the account in the name of Our Lady of Peace Altar & Rosary Society, Rev. George H. Foley, No. 620-6782.
The appellant applied to the trial court for leave to proceed with respect to the two allowed accountings notwithstanding his appeal from the provision of the order relating to the other accounting. The trial court denied the request, being of the opinion that it did not have jurisdiction to grant such order because of the pending appeal.
The matter now comes before this court on appellant’s motion to review the order last mentioned, or in the alternative for this court to grant leave to the appellant to proceed in the two allowed accountings without waiving right to appeal from the adverse provision of the order relating to the other or third accounting.
On consideration of the record, and with the benefit of oral argument, this court concludes that the appellant’s motion is meritorious, and leave is hereby granted to the appellant to proceed in the two account-ings to which it was held entitled, and that such proceedings shall not operate as a waiver of the right to review on appeal the adverse provisions of the order relating to the other or third accounting. See McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567.
Under the law pronounced in the case just cited as applied to the situation presented here, the plaintiff should be entitled to proceed with the two admittedly proper accountings while contesting the ruling with reference to the third. In the McMullen case the contrary was held with reference to an accounting which the court said grew out of a single transaction. Here the three accountings relate to separate transactions in different named and numbered brokerage accounts. Unlike the McMullen case, this case involves controversies which are severable and distinct, so that acceptance of the benefit of the order with respect to the two accountings which were allowed is not inconsistent with an appeal from the ruling on the other.
It is so ordered.