213 So.2d 635 (1968)
John J. CARBERRY, As Bishop of the Diocese of Columbus, Ohio, a Corporation Sole, Appellant,
v.
Joseph Gibson FOLEY; Florida National Bank and Trust Company at Miami, a National Banking Institution; Florida National Bank at Coral Gables, a National Banking Institution; and John D. Connor, As Administrator of the Estate of George H. Foley, Deceased, Appellees.
John J. CARBERRY, As Bishop of the Diocese of Columbus, Ohio, a Corporation Sole; and Joseph Gibson Foley, Appellants,
v.
FLORIDA NATIONAL BANK AND TRUST COMPANY AT MIAMI, a National Banking Institution; Florida National Bank at Coral Gables, a National Banking Institution; and John D. Connor, As Administrator of the Estate of George H. Foley, Deceased, Appellees.
Nos. 67-1030, 67-1061.
District Court of Appeal of Florida. Third District.
August 20, 1968.
Rehearing Denied September 18, 1968.
*636 Joseph M. Fitzgerald and Thomas A. Horkan, Jr., Miami, for appellant Carberry.
Fogle & Fordham and Lewis H. Fogle, Jr., Miami, for appellant and appellee Foley.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Joseph F. Jennings, Miami, for appellee Florida Nat. Bank.
Williams, Salomon & Kenney and Richard P. Kenney, Miami, for appellee Connor.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
This is the third appearance of this cause in this court. See our prior opinion in Carberry v. Foley, Fla.App. 1967, 203 So.2d 214, in which the complaint seeking to establish a constructive trust and an accounting is analyzed and the dismissal of one of the original defendants is approved. Also see Carberry v. Foley, Fla.App. 1968, 206 So.2d 425, wherein this court recognized the right of the trial court to continue with an accounting as to certain accounts which are not involved in this appeal. Reference should be made to the prior opinions which outlines the circumstances under which the instant action was commenced.
At the time the matter came on for final hearing, the trial judge dismissed the defendant banks at the conclusion of the plaintiff's [Carberry] case, and the cause proceeded against the original defendant, Joseph Gibson Foley, and the estate of the late George H. Foley represented by John D. Connor, Administrator. At the conclusion of all the evidence, the trial court directed the defendant, Joseph Gibson Foley, to account to the plaintiff for two accounts, which are referred to in our prior opinion in Carberry v. Foley, Fla.App. 1968, 206 So.2d 425, and directed said defendant to account to the plaintiff, John D. Connor, as Administrator of the Estate of George H. Foley, for the remaining account, being that referred to as Our Lady of Peace Church Rev. George H. Foley, No. 620-6870, maintained with Francis I. duPont & Co. The trial judge found that the plaintiff had failed to present sufficient evidence to prove a constructive trust as to Account No. 620-6870 and made the following finding pertaining thereto:
* * * * * *
"The evidence is insufficient to establish a constructive trust in favor of the Plaintiff in and to the remaining securities and assets which were held in the brokerage account in Francis I. duPont & Co. in the name of Our Lady of Peace Church Rev. George H. Foley, the same being account No. 620-6870. However, all of the parties which might have any interest in this account are before this Court, and it appears to this Court that JOHN D. CONNOR, as Administrator of the Estate of George H. Foley, Deceased, is entitled to an accounting of and from the Defendant, JOSEPH GIBSON FOLEY, *637 such accounting to reveal and reflect the source of the funds and assets in the said account entitled Our Lady of Peace Church Rev. George H. Foley, and also to reflect the disposition of said funds, including the tracing of such assets to the present time."
* * * * * *
He did preserve any other rights the plaintiff might have against the late George H. Foley, as follows:
* * * * * *
"This decree should not and does not bar any other actions the Plaintiff might have based on causes of action other than constructive trust."
* * * * * *
Thereupon the plaintiff in the trial court, John J. Carberry, filed a notice of appeal seeking review of the final judgment exonerating the banks from liability, which was filed in this court under Clerk's file No. 67-1030. The plaintiff also took an appeal seeking a review of the decree to account, wherein the trial judge had directed that the accounting by Joseph Gibson Foley be made to the estate of George H. Foley. The appeal was assigned Clerk's file No. 67-1061, and joinder of appeal was filed by the defendant,[1] Joseph Gibson Foley.
The causes were consolidated for the purposes of record and oral argument and individual briefs were filed on behalf of the respective parties. The original appellant, Carberry, has preserved as his points on appeal for review the dismissal of the banks upon their motion at the conclusion of the plaintiff's case, and the holding by the trial court that he had failed to maintain his burden of proof. The appellant, Joseph Gibson Foley, has preserved by his points on appeal whether the trial judge erred in refusing to admit certain evidence, and erred in requiring him to account to the Estate of George H. Foley without any pleadings supporting such a claim. We affirm.
As to the propriety of the dismissal of the banks, the evidence fails to demonstrate that either of the banks honored checks that were endorsed in an unauthorized manner. Tampa Wholesale Co. v. Foodtown, U.S.A., Inc., Fla.App. 1964, 166 So.2d 711; Gibson v. Gibson, Fla.App. 1965, 180 So.2d 388; Groover v. Adiv Holding Company, Fla.App. 1967, 202 So.2d 103; Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A. As to the ruling on the constructive trust, in order to establish such it is necessary that the plaintiff prove with clear and convincing proof the existence of such. Estey v. Vizor, Fla.App. 1959, 113 So.2d 576; Sottile v. Mershon, Fla.App. 1964, 166 So.2d 481; Fraser v. Lewis, Fla.App. 1966, 187 So.2d 684. The record in this case is devoid of any evidence of any ownership in Account No. 620-6870 by the plaintiff. The account was carried in the name of Our Lady of Peace Church Rev. George H. Foley, No. 620-6870, and the only evidence in explanation of this account is that it belonged to the late George H. Foley. Further, Joseph Gibson Foley having admitted that at the time of the death of George H. Foley the funds in this account belonged to the deceased, the trial judge was eminently correct in his requiring Joseph Gibson Foley to account to the Estate of George H. Foley for this fund. As pointed out above by the trial judge, all the parties were before the court and we find no error in this regard. Ward v. Hopkins, Fla. 1955, 81 So.2d 493; Skillman v. Baker, Fla.App. 1962, 142 So.2d 113; Sydney Paper Co. v. Gans, Fla.App. 1966, 193 So.2d 41. We have also examined the alleged error in the ruling as to the admissibility of certain evidence and find this point not to be well taken. Cole v. Cole, Fla.App. 1961, 130 So.2d 126; Alvarez v. Dumont, Fla.App. 1965, 178 So.2d 352; Barrineau v. B & F Auto Parts, Inc., Fla.App. 1966, 191 So.2d 53.
Therefore, for the reasons above stated, the final judgment under review in Case *638 No. 67-1030 be and the same is hereby affirmed. The decree to account, review of which is sought in Case No. 67-1061, be and the same is hereby affirmed, with directions to the trial court to require amended pleadings to be filed by the Estate of George H. Foley, setting up its claim to Account No. 620-6870, with an appropriate time to respond thereto being given to Joseph Gibson Foley and that, following issues being made by such amended pleadings, the court proceed further.
Affirmed, with directions.
NOTES
[1] See: Rule 3.11, subd. a, Florida Appellate Rules, 32 F.S.A.