BOARDMAN, Judge.
Appellants, W. F. Lasater and Dimple Pauline Lasater, defendants in the trial court, have appealed from an order dismissing with prejudice their fifth amended counterclaim. The trial judge, the Honorable W. Troy Hall, Jr., circuit judge, Fifth Judicial Circuit, entered an order on May 11, 1972, granting appellants 20 days within which to show cause why their fifth amended counterclaim should not be dismissed with prejudice. Appellants failed to comply with the order and failed to show cause within the time period permitted therein. Therefore, the trial court entered its final order of dismissal on June 20, 1972.
We have examined the record, thoroughly we believe, and listened attentively to oral arguments by counsel for the respective parties and find no reversible error in the trial court’s findings and orders.
This court is further of the opinion that the doctrine of laches is applicable to the allegation of a resulting trust involved in this appeal. The record shows that an action was filed in the year 1950 by ap-pellees’ predecessor, Horace Clarke Lasater, Sr., deceased, to determine the title to the realty involved in this proceeding. Appellant, W. F. Lasater, filed his counterclaim in that proceeding but no further action was taken therein by either Horace Clarke Lasater, Sr., deceased, brother of appellants, W. F. Lasater and Dimple Paidine Lasater, or by any person or persons, claiming title to the real property involved herein. As a matter of record, it was not until approximately 17 years later that the appellants filed the counterclaim involved in the case subjudice. In support of our conclusion we cite the case of Martin v. Wilson, Fla.App.1959, 115 So.2d 573 (p. 575), as being applicable to this case.
“[4] It is noted that a period of some eighteen years transpired between the *351 date on which plaintiff alleges he acquired an interest in the disputed property and the date on which this suit was filed to establish his rights thereto. Courts of equity view with disfavor suits brought long after the transactions in issue have occurred, and long after death has closed the lips of those familiar with the occurrences remote in point of time. When such circumstances appear on the face of the complaint, and the delay in prosecuting plaintiff’s claim is unexplained, the doctrine of laches will bar relief.”
The ruling of the trial judge is, therefore,
Affirmed.
McNULTY, A. C. J., and FOGLE, HARRY W., Associate Judge, concur.