334 So.2d 647 (1976)
Max J. BROWN, Individually and As Trustee, Appellant,
v.
J. Bruce VINING, Appellee.
No. 75-431.
District Court of Appeal of Florida, Third District.
May 11, 1976.
Rehearing Denied July 29, 1976.
*648 Norman F. Solomon and David M. Bernstein, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff, Max J. Brown, individually and as Trustee, seeks review of an adverse final judgment after non-jury trial in a suit against defendant, J. Bruce Vining, a registered real estate broker.
Plaintiff's complaint alleged that plaintiff was a trustee and part owner, individually, of certain land which he sold to Forney B. Stafford, as trustee, in March 1971; that Vining, by contract, was to, and did, receive a brokerage commission for furnishing Stafford, as trustee, as the purchaser; that at the time of the execution of the purchase agreement, Vining was an agent of J.E. Greiner Company, Inc., consulting engineers to the Florida State Department of Transportation, who were retained to locate rockpits for expressway purposes; that Vining, by scheme, defrauded plaintiff by not advising plaintiff that he (Vining) was the true purchaser and that he was an agent for the Greiner Company; that Vining made a secret unconscionable profit from the land he purchased from Brown and, therefore, because of his fiduciary capacity as a real estate broker, a constructive trust was created in favor of the plaintiff which entitles Brown to a return of the real estate commission and profits made by Vining by virtue of the sale of rock to the Florida State Department of Transportation. Vining answered, denying such allegations, issue was joined, and the cause tried. After voluminous testimony, the trial court made the following findings of facts and conclusions of law,
"THAT in March of 1971, the Defendant, VINING, a real estate broker, answered a newspaper ad (Defendant's Exhibit A) run by J.A. CANTOR AND ASSOCIATES offering land for sale. At all times, VINING acted and represented that he acted solely for the purchasers. This is admitted in Plaintiff's Amended Complaint. J.A. CANTOR, a registered real estate broker, was acting for the seller and had an ownership interest in the property as well. On March 20, 1971, Plaintiff contracted to sell the land to VINING'S purchaser, FORNEY B. STAFFORD, as Trustee for $4,800.00 per acre, a gross purchase price of $289,872.00. It was admitted that after the contract, but prior to the closing, VINING informed CANTOR's sales manager, Sidney Houseman, that he, VINING, in addition to being the purchaser's broker, had an ownership interest as purchaser. (Transcript of Mr. Houseman's testimony Pages 6 thru 10).
THAT J. BROCE (sic) VINING knew that the West Dade Expressway was being *649 constructed in the general area of the property. J.A. CANTOR, also, knew, or should have known, that the expressway was coming through and maps showing its location were prominently displayed in CANTOR's sales office.
THAT this court further finds that the Plaintiff had knowledge at all times material to this cause of the fact that certain testing, i.e. surveys and obtaining of engineering data was to be done on behalf of the Defendant, J. BRUCE VINING, as set forth in Paragraph 13 of Plaintiff's Exhibit 2 wherein the sellers granted the buyers its agents or its representatives access to the premises for the purposes of making soil surveys and other engineering data.
THAT immediately, upon signing the purchase contract, VINING negotiated an option with the agents of the Florida State Department of Transportation for a borrow pit on the land. The option price on the land was $61,500.00. There was no obligation to exercise the option on the part of the State, or any indication that it would, in fact, be exercised. Had it been unexercised, VINING and STAFFORD would have received the $61,500.00 but would still have owed $228,372.00 on the purchase price. It was alleged that VINING was an agent of the consultants of the Florida State Department of Transportation. This Court finds that he was not. There was no creditable evidence presented by Plaintiff on this point. The option was, in fact, later exercised and VINING and STAFFORD made a profit. Plaintiff now seeks either the return of the commission paid to VINING or a constructive trust of the profits made.
THAT this Court finds on the evidence presented that no scheme, fraud or misrepresentation was practiced on the Plaintiff. The Plaintiff knew that at all times that VINING was acting as an agent for the purchaser and not as his agent. The Plaintiff knew, or should have known as an experienced real estate broker, at all times that the West Dade Expressway was to be erected near his property. At the time the property was sold no one knew exactly when, if ever, this property would be used by the Department of Transportation as a borrow pit as only an option agreement had been negotiated with J. BRUCE VINING and not a binding contract."
The question preserved for review by Brown is whether the record reflects substantial competent evidence to support the final judgment in favor of Vining. Brown contends that he proved that Vining concealed the fact that he was the true purchaser of the property and made a secret profit on the purchase which imposed a constructive trust in Vining (by virtue of his fiduciary relationship) for the benefit of Brown for the profits and commission obtained by Vining out of the transaction.
The law is well settled that the existence of a constructive trust must be proved by clear and convincing evidence. Carberry v. Foley, Fla.App. 1968, 213 So.2d 635. The trial court entered detailed findings of fact. It is not within the province of this court to substitute its judgment for that of the trier of fact unless the record clearly reflects that the findings and conclusions by the trial court are not supported by any substantial competent evidence. Old Equity Life Insurance Company v. Levenson, Fla.App. 1965, 177 So.2d 50. While we might have reached a different conclusion if we had been the initial arbiter of the facts in this case, we have carefully reviewed and considered the record and find there was sufficient evidence to support the final judgment herein.
Affirmed.