338 So.2d 64 (1976)
Milton E. STEINHARDT and Ester Steinhardt, His Wife, Appellants,
v.
Betty D. LEHMAN et al., Appellees.
No. 76-323.
District Court of Appeal of Florida, Third District.
September 21, 1976.
Rehearing Denied November 1, 1976.
Podhurst, Orseck & Parks, Miami, for appellants.
Sinclair, Louis, Siegel & Heath, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant, Milton Steinhardt, appeals an order denying his motion for summary judgment in this action by his brother, sister and sister-in-law seeking an accounting and imposition of a constructive or resulting trust upon a family business entrusted to defendant's management.
In 1935 Morris Steinhardt sold his oil business and entrusted the funds derived from the sale to his on Milton to invest in real estate. Following their father's death, plaintiffs agreed that Milton should continue to manage the family real estate business and render an accounting to them from time to time. Milton amassed a large fortune and on numerous occasions over the years plaintiffs made demands for an accounting, but to no avail. Finally brother Arthur, sister Betty and brother Julius' widow and children filed the instant action for an accounting to impress a constructive or resulting trust on the family business. Betty also alleged in the complaint that Milton had failed to abide by an agreement whereby both she and her husband were to receive 2 1/2% of the income derived from a 99-year ground lease at a certain condominium project developed by Milton, and title to one of the units in the complex. Milton's motion to dismiss the action was denied whereupon he answered asserting the following affirmative defenses: statute of limitations, statute of frauds, lack of jurisdiction, res judicata, estoppel, laches, failure to state a cause of action, failure to join indispensable parties, failure to comply with the time requirements for asserting a claim *65 against an estate, equitable estoppel and failure to set forth sufficient records for an accounting. Following extensive pre-trial discovery, Milton moved for summary judgment. The trial judge denied the motion and Milton appeals. We affirm.
The burden of proving the absence of a genuine issue of material fact is upon the party moving for summary judgment and until it is determined that the moving party has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). A review of the record reflects the existence of genuine issues of material fact and the trial judge was eminently correct in denying the motion for summary judgment.
Affirmed.
NATHAN, J., has participated in the decision but not in oral argument.