445 So.2d 352 (1984)
Arthur STEINHARDT, Appellant,
v.
Milton E. STEINHARDT and Esther Steinhardt, His Wife, Appellees.
Milton E. STEINHARDT and Esther Steinhardt, His Wife, Appellants,
v.
Betty D. LEHMAN and Julian Lehman, Appellees.
Betty D. LEHMAN and Julian Lehman, Appellants,
v.
Milton E. STEINHARDT and Esther Steinhardt, His Wife, Appellees.
Nos. 78-1187, 81-606, 81-1078 and 81-1160.
District Court of Appeal of Florida, Third District.
January 24, 1984.
Rehearing Denied March 7, 1984.
*354 Horton, Perse & Ginsberg and Mallory Horton, Miami, for Arthur Steinhardt.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for Milton E. & Esther Steinhardt.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul Siegel and Bayard Heath, Horton, Perse & Ginsberg and Mallory Horton, Miami, for Betty and Julian Lehman.
Before HUBBART and DANIEL S. PEARSON and JORGENSON, JJ.
HUBBART, Judge.
This is an appeal and cross-appeal from a final judgment which imposed a resulting trust on certain property and confirmed a prior dismissal at trial of constructive trust claims relating to certain other property. The judgment was entered in an action brought below by members of a certain family to impose a constructive or resulting trust upon the property held by one member of the family and his wife. A cost judgment entered thereafter is also appealed. For the reasons which follow, we conclude that all these claims should have been dismissed at trial at the conclusion of the plaintiffs' evidence. We accordingly affirm in part and reverse in part.

I
On November 1, 1973, the instant lawsuit was filed below. The complaint, as later amended, sought the imposition of a constructive trust on all the assets held by the defendants Milton Steinhardt and his wife Esther Steinhardt, which property, it was alleged, had been entrusted to the defendant Milton Steinhardt to manage for the benefit of his family, the plaintiffs herein. The suit was brought by the blood relatives and in-laws of the defendant Milton Steinhardt, to wit: Arthur Steinhardt (brother), Betty Lehman (sister), Julian Lehman (brother-in-law; husband of Betty Lehman), Ruth Steinhardt (sister-in-law; widow of deceased brother Julius Steinhardt), and Steven Steinhardt, Sandra Margolesky, Shirley Villazon (nephew and nieces; children of deceased brother Julius Steinhardt and sister-in-law Ruth Steinhardt). The plaintiffs sought a constructive trust as the heirs of the deceased patriarch of the family Morris Steinhardt, and in their individual capacities as well, in the following proportions: 25 percent to the plaintiff Arthur Steinhardt, 25 percent to the plaintiff Betty Lehman, 25 percent to the plaintiffs Ruth Steinhardt, Steven Steinhardt, Sandra Margolesky and Shirley Villazon, and 25 percent to the defendants Milton and Esther Steinhardt. An accounting was also sought of all monies due the plaintiffs under the asserted constructive trust.
The complaint also sought the imposition of a resulting trust for the benefit of the plaintiffs Betty Lehman and Julian Lehman on properties held by the defendants in a development known as the Palm Beach White House, an alleged offshoot of the family businesses. Specifically, the complaint alleges that the defendant Milton Steinhardt orally agreed to pay to each of the plaintiffs Betty Lehman and Julian *355 Lehman 2 1/2 percent of the income from the 99-year ground rental leases of a condominium project developed and owned by the defendants and known as the "Palm Beach White House," that the plaintiff Betty Lehman was to receive title to an apartment in the complex, and that the plaintiff Betty Lehman was to receive 2 1/2 percent interest in any future developments of the defendant. The complaint further alleges that the defendant Milton Steinhardt breached all these agreements and prays for the imposition of a resulting trust and an accounting to enforce these agreements.
The defendants filed answers in this cause denying the material allegations of the complaint and setting up certain affirmative defenses: laches, statute of limitations, statute of frauds, res judicata and collateral estoppel. A defense motion for summary judgment was denied below and affirmed by this court on an interlocutory appeal taken under Fla.R.App.P. 4.2(a) (1962). Steinhardt v. Lehman, 338 So.2d 64 (Fla. 3d DCA 1976). Upon remand, following certain amendments to the complaint and an additional answer thereto, the case finally proceeded to non-jury trial below. The trial court received eighteen days of testimony and argument in a series of truncated hearings beginning in March 1977 and ending in December 1980.
At the conclusion of the plaintiffs' case in chief, the trial court dismissed the constructive trust claims filed herein on the ground that such claims were barred by res judicata and laches. The trial court, however, denied a defense motion to dismiss the resulting trust claim. The defendants then presented their evidence relating to this claim and a brief rebuttal was thereafter presented by the plaintiffs. At the conclusion of all the evidence, the trial court ruled in favor of the plaintiffs, stating "I am satisfied that there is a resulting trust in the Palm Beach White House to Betty and Julian Lehman." A written order was subsequently entered which imposed a resulting trust upon the Palm Beach White House in the amount of 2 1/2 percent each for the benefit of the plaintiffs Betty and Julian Lehman, and ordered an accounting of sums due to the plaintiffs under this resulting trust. Lengthy hearings were thereafter conducted on the accounting phase of this case. Ultimately, a final judgment was entered confirming the above court rulings and ordering the payment of certain sums of money as part of the accounting on the resulting trust. A cost judgment was subsequently entered against the defendants herein.
Numerous appeals and cross-appeals have been filed in connection with this case, all of which have been consolidated. The defendants Milton Steinhardt and Esther Steinhardt appeal the final judgment insofar as it imposes a resulting trust on the Palm Beach White House and orders an accounting thereon. The plaintiffs Betty Lehman and Julian Lehman appeal the final judgment insofar as it confirms the prior dismissal at trial of their constructive trust claims; the plaintiff Arthur Steinhardt appeals a prior written order dismissing his constructive trust claim, which order was a final judgment as to him. Prior appeals lodged by the plaintiffs Ruth Steinhardt, Steven Steinhardt, Sandra Margolesky and Shirley Villazon have previously been dismissed by this court for lack of prosecution. Interlocutory appeals have also been taken from the cost judgment by the plaintiffs Betty Lehman and Julian Lehman and by the defendants Milton Steinhardt and Esther Steinhardt.

II
We turn first to the constructive trust claims of the plaintiffs Arthur Steinhardt, Betty Lehman and Julian Lehman, which claims were dismissed by the trial court at the conclusion of the plaintiffs' evidence at trial. We have no difficulty in concluding that the trial court was eminently correct in dismissing these claims.

A
First, it is plain that "clear and convincing evidence" was not presented below, as required by law, to establish a prima facie case for the imposition of a constructive *356 trust in favor of the above-stated plaintiffs in their individual capacities. See, e.g., Brown v. Vining, 334 So.2d 647 (Fla. 3d DCA 1976); Carberry v. Foley, 213 So.2d 635 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 750 (Fla. 1969). It is settled that a constructive trust is imposed by a court of equity "to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem." Wadlington v. Edwards, 92 So.2d 629, 631 (Fla. 1957). No such unjust enrichment was shown in this case as to the plaintiffs individually.
At best, the plaintiffs' evidence establishes that in 1935 Morris Steinhardt  the deceased father of the plaintiffs Arthur Steinhardt and Betty Lehman and the defendant Milton Steinhardt  sold his oil business and entrusted the funds derived therefrom to his son, the defendant Milton Steinhardt, to invest in real estate and businesses, for the benefit of Morris and other family members; that the defendant Milton Steinhardt converted these funds to his own use and has never offered a satisfactory accounting despite repeated demands over the years by members of the family; and that the defendant Milton Steinhardt has been unjustly enriched at the expense of his father Morris Steinhardt. The plaintiffs Arthur Steinhardt, Betty and Julian Lehman contributed no funds to this venture and therefore the defendants could not have been unjustly enriched at the plaintiffs' expense. Indeed, it was conceded below that the plaintiffs' constructive trust claims originated entirely from the 1935 agreement between the father Morris Steinhardt and the defendant Milton Steinhardt, and that the family business was, in effect, the father Morris Steinhardt's business, not the plaintiffs' business. The individual constructive trust claims were, without doubt, properly dismissed below.

B
Second, it is plain that the plaintiffs' evidence adduced below conclusively established that the constructive trust claim of the plaintiffs Arthur Steinhardt, Betty Lehman and Julian Lehman, as heirs of the deceased father Morris Steinhardt, was barred by both res judicata and laches. Indeed, all individual and derivative constructive trust claims asserted by all plaintiffs were barred by laches, as the plaintiffs' evidence in their case in chief clearly demonstrated.

1
In 1954, Ellen Steinhardt, as administratrix of the estate of the father Morris Steinhardt, brought in the court below a suit which is virtually identical to the constructive trust suit brought in the instant case by the plaintiffs as the heirs of the deceased father Morris Steinhardt. This suit was dismissed by stipulation of the parties, and was re-opened only for the limited purpose of allowing the attorneys for the administratrix to recover their contingent fee in the matter. This dismissal of the claim operates as a judgment or decree against the administratrix Ellen Steinhardt; it is also binding as to the heirs of the estate, the plaintiffs herein, and bars their derivative constructive trust claims under the doctrine of res judicata. Ballard v. Kennedy, 34 Fla. 483, 16 So. 327 (1894); Merritt v. Daffin, 24 Fla. 320, 4 So. 806 (1888); Restatement (Second) of Judgments § 41(1)(c), comment c, illustration 5, reporter's note to comment c and cases collected (1982).
We are unpersuaded by the plaintiffs' argument that an injustice would be perpetrated if the defense of res judicata were applied here; no such injustice has been demonstrated on this record. Moreover, we see no prejudice to the plaintiffs based on the general allegations of res judicata pled by the defendants in their answer, as plaintiffs were actually advised as to the specifics of the defense well in advance of trial. Finally, our decision affirming the denial of summary judgment in this case, Steinhardt v. Lehman, 338 So.2d 64 (Fla. 3d DCA 1976), did not, as urged, foreclose the defense of res judicata because it is settled that "[t]he failure to grant a summary judgment does not establish *357 the law of the case [but] merely defers the matter until final hearing." City of Coral Gables v. Baljet, 250 So.2d 653, 654 (Fla. 3d DCA 1971); see also Wallace v. P.L. Dodge Memorial Hospital, 399 So.2d 114, 116, n. 2 (Fla. 3d DCA 1981).

2
Furthermore, it is plain beyond peradventure that the plaintiffs' derivative constructive trust claims, as well as their individual constructive trust claims, were barred by the defense of laches. The plaintiffs' evidence in chief conclusively establishes that numerous demands for an accounting of the family business were made by members of the family and were routinely and repeatedly refused by the defendant Milton Steinhardt over the years beginning in 1946. Yet no action was brought by the plaintiffs herein until 1973. During this time, three of the protagonists in this long-standing family dispute died (Morris Steinhardt, Ellen Steinhardt, and Julius Steinhardt); their version as to the hotly contested facts relating to the constructive trust claim herein is therefore unavailable. Moreover, it is undisputed that the value of the family businesses has vastly increased during this time. All of these factors combine together to establish the defense of laches as to all the constructive trust claims asserted herein. The plaintiffs herein have unreasonably slept on their rights over a period in excess of 20 years, to the prejudice of the defendants herein. We have not overlooked plaintiffs' arguments to the contrary but find them unpersuasive. Blocker v. Ferguson, 47 So.2d 694 (Fla. 1950); Rosenthal v. Largo Land Co., 146 Fla. 81, 200 So.2d 233 (1941); Gables Racing Ass'n v. Persky, 148 Fla. 627, 6 So.2d 257, 263 (1940); Hayes v. Belleair Development Co., 120 Fla. 326, 162 So. 698 (1935); Geter v. Simmons, 57 Fla. 423, 49 So. 131 (1909); Martin v. Wilson, 115 So.2d 573 (Fla. 1st DCA 1959).

III
We turn next to the resulting trust claim of the plaintiffs Betty and Julian Lehman in the Palm Beach White House, which claim the trial court found was established in this case. We have no difficulty in reversing this determination as no "clear and convincing evidence" was adduced below, as required by law, to establish this claim at trial. Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), pet. for rev. denied, 407 So.2d 1103 (Fla. 1981).
The basis of the plaintiffs' resulting trust claim rests entirely on the breach of an alleged 1961 oral agreement by the defendant Milton Steinhardt to convey a 2 1/2 percent interest in the Palm Beach White House condominium project to each of the plaintiffs Betty and Julian Lehman in return for certain services rendered by the said plaintiffs with respect to the above project. The monies for the purchase and development of this project which began in 1961 came entirely from the defendant Milton Steinhardt. Although one or both of the plaintiffs were utilized, at various times, as straw men to hold technical title to the property, to facilitate technical requirements for financing on the project, and to serve as a partial conduit for funds, the record is abundantly clear that they contributed no funds whatever of their own to this project, only their services. They did, however, receive income derived from the project for a time as promised, but this income was eventually terminated. We have not overlooked the plaintiffs' contrary position with respect to the complex fact pattern in this case, but are unpersuaded thereby.
The law is well-settled that "[i]n the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent." Wadlington v. Edwards, 92 So.2d 629, 631 (Fla. 1957). A resulting trust, in turn, arises in three situations, none of which exists in this case, to wit: (1) where an express trust fails in whole or in part, (2) where an express trust is fully performed without exhausting the trust estate, and (3) where a person furnishes the money to purchase property in the name of *358 another, with both parties intending at the time that the legal title be held by the named grantee for the benefit of the unnamed purchaser of the property. Wadlington v. Edwards, supra at 631; Harnish v. Peele, 386 So.2d 8, 9-10 (Fla. 5th DCA 1980), pet. for rev. denied, 394 So.2d 1153 (Fla. 1981); V. Scott, The Law of Trusts § 404.1 (3d ed. 1967).
In the instant case, no express trust was attempted and no express trust failed in whole or in part. Moreover, the plaintiffs herein did not supply the funds in whole or in part to purchase or develop the property in question; on the contrary, the defendant Milton Steinhardt supplied all the money to purchase and develop this property. As a consequence, the essentials of a resulting trust were never established in this case. At best, the plaintiffs had a breach of contract action against the defendant Milton Steinhardt, which action was never brought below as it would have been barred by the statute of limitations. The trial court's determination that a resulting trust had been established in this case as to the Palm Beach White House condominium project must therefore be reversed.

IV
We have considered the remaining errors urged upon this appeal and cross-appeal and find them either without merit or moot. The cost judgment, however, assessed against the defendants herein must be reversed in view of our decision that all the plaintiffs' claims herein should have been dismissed at trial.
The final judgment under review is affirmed insofar as it confirms the prior dismissal of the constructive trust claims in this case, and is reversed insofar as it imposes a resulting trust on the Palm Beach White House property and issues accounting orders thereon. The cost judgment under review is also reversed.
Affirmed in part; reversed in part.