467 So.2d 757 (1985)
MONROE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
NEW PORT LARGO, INC., a Florida Corporation, Appellee.
No. 84-946.
District Court of Appeal of Florida, Third District.
April 9, 1985.
Rehearing Denied May 10, 1985.
Lucien C. Proby, Jr., Key West, Straughn, Sharit, Bunn & Chilton and Joe Sharit and M. Lance Holden, Winter Haven, for appellant.
Taub & Williams and Marsha G. Rydberg, Tampa, Horton, Perse & Ginsberg and Mallory Horton, Miami, Joseph B. Allen, III, Key West, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
After an extensive non-jury trial conducted pursuant to our reversal of a summary judgment for the appellee in Monroe County v. New Port Largo, Inc., 441 So.2d 173 (Fla. 3d DCA 1983), the lower court again entered judgment in its favor denying the appellant county's claim for the imposition of a constructive trust upon property titled in New Port Largo as deraigned from an unrestricted deed to the then-submerged land granted by the Trustees of the Internal Improvement Fund in 1968. The county appeals. We affirm.
Based upon the lower court's resolution of disputed issues of fact, see Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982), no error has been shown in the determination below that the county had not, by the clear and convincing evidence required, Steinhardt v. Steinhardt, 445 So.2d 352 (Fla. 3d DCA 1984), pet. for review denied, 456 So.2d 1181 (Fla. 1984); Brown v. Vining, 334 So.2d 647 (Fla. 3d DCA 1976), established its entitlement to the relief sought. Parramore v. Hampton, 55 Fla. 672, 45 So. 992 (1908); Turturro v. Schmier, 374 So.2d 71 (Fla. 3d DCA 1979); Frambach v. Dunihue, 419 So.2d 1115 (Fla. 5th DCA 1982). We note that although the county relies entirely upon negotiations which occurred prior to the issuance of the deed, in which it argues that the appellee's predecessor had made a binding promise to the trustees that it *758 would construct an airport on the property and then convey it to the county, the county failed to make any assertion whatever of its alleged right to the property, much less bring a legal action to establish that claim, until some fifteen years later in 1983. This unexplained delay is itself a compelling indication that no enforceable right in fact existed in the first place. Bassett v. Bassett, 464 So.2d 1203 (Fla. 3d DCA 1985), and cases cited.
Furthermore, the record shows that during that lengthy period New Port Largo's predecessor expended some $400,000 in dredging and filling the parcel to which Monroe County contributed nothing; paid taxes billed by the county itself; and prepared and recorded a plat which the county formally accepted  all before New Port Largo itself, in reliance upon the record title and the plat, paid over $3,000,000 for property which included the parcel in question. These facts fully support the alternative conclusion of the trial court that the county's action was barred by the doctrine of equitable estoppel, Odom v. Deltona Corp., 341 So.2d 977 (Fla. 1976); see Daniell v. Sherrill, 48 So.2d 736 (Fla. 1950); The Florida Companies v. Orange County, 411 So.2d 1008 (Fla. 5th DCA 1982).[1]
We have carefully examined the evidentiary points raised by the appellant and find either no error, no prejudice, see Bessman v. State, 259 So.2d 776 (Fla. 3d DCA 1972); Delano Hotel, Inc. v. Gold, 126 So.2d 301 (Fla. 3d DCA 1961), or both.
Affirmed.
FERGUSON, J., concurs.
JORGENSON, J., concurs in the result.
NOTES
[1] We find it unnecessary to determine whether, as the lower court also found, that laches applies as well.

As an aside, however, although the parties have contested the question of whether sec. 95.231, Fla. Stat. (1981) (20 years) is the analogous statute of limitations for determining an unreasonable delay under the laches doctrine, but see Lasater v. Lasater, 279 So.2d 350 (Fla. 2d DCA 1973), cert. denied, 286 So.2d 205 (Fla. 1973); Martin v. Wilson, 115 So.2d 573 (Fla. 1st DCA 1959), we point out that the issue may not be determinative in the light of sec. 95.11(6), Fla. Stat. (1981) (laches automatically applicable when action brought beyond statute of limitations but may be barred even when it is brought within it). See cases collected at note 42, 30A C.J.S. Equity § 131 (1965).