JORGENSON, Judge,
concurring specially.
In my view, genuine issues of material fact remain regarding whether Oakley Smith paid Santo Traficante and discharged the debt allegedly evidenced by the “Trust Acknowledgment.” However, the record clearly establishes that Paniello’s action is barred by laches; the order of final summary judgment should thus be affirmed on that basis.
Laches applies to actions brought to impose constructive trusts. Steinhardt v. Steinhardt, 445 So.2d 352 (Fla. 3d DCA 1984), rev. denied, 456 So.2d 1181 (Fla.1984). In Steinhardt, this court held that an action for imposition of a constructive trust would not lie where the protagonists in a long-standing family dispute had died during the period when the parties failed to act on their claims, thus severely hampering defense of those claims. Steinhardt, 445 So.2d at 357. The deaths of the major witnesses, coupled with the vast increase in the value of the family business during that time, “combine[d] together to establish the defense of laches as to all the constructive trust claims asserted herein.” Id.
Steinhardt bars Paniello’s claim. Pan-iello’s testimony, viewed in a light most favorable to him, establishes that Trafi-cante gave him the document in 1967 or 1968 in exchange for a loan. Despite financial difficulties over the years, Paniello never approached Smith to collect his putative share of the hospital. Traficante was the only individual who could have established the circumstances surrounding the execution of the document, the alleged repayment of the underlying debt, and his purported transfer of the document to his son-in-law, Paniello. Traficante died on March 3, 1987; Paniello first claimed an ownership interest in October, 1988. Thus, even assuming that Traficante transferred his interest in the hospital to Paniello, Paniello waited twenty years and until after Trafi-cante died to claim an ownership interest based on the document. His action is barred by the passage of time.