STURGIS, WALLACE E., Associate Judge.
In this negligence action the defendant, at the close of plaintiff’s testimony and at the close of all testimony, moved for a directed verdict on the ground, inter alia, that the evidence showed the plaintiff to be guilty of contributory negligence as a matter of law. Ruling on said motions was reserved. Following a jury verdict in his favor, plaintiff moved for entry of final judgment and taxation of costs. While said motion was pending, and prior to the expiration of the time allowed for the filing of motion for a new trial, the trial court entered an order disposing of said motions for directed verdict, in which it was held *861 that upon consideration of all of the evidence in said cause “the plaintiff was guilty of contributory negligence as a matter of law and * * * that the verdict is against the manifest weight of the evidence and the justice of the cause.” Accordingly, the verdict for plaintiff was set aside, it was ordered that judgment for defendant be entered in accordance with the above stated ground of said motions for a directed verdict and, further, that in the event the judgment for the defendant should be reversed, a new trial was granted on the ground that the verdict is against the manifest weight of the evidence and the justice of the cause. Plaintiff appeals from the final judgment for defendant entered pursuant to said order.
The controlling point of law for determination here is whether the lower court erred in finding from the evidence that plaintiff was as a matter of law guilty of contributory negligence. Appellant also insists, secondly, that the trial court erred in granting a new trial on the ground that the verdict was against the manifest weight of the evidence and the substantial justice of the cause, contingent on reversal of the judgment for defendant; third, that the court erred in refusing to instruct the jury on the doctrine of last clear chance; and fourth, that the trial court erred by overemphasizing the concept of contributory negligence in its instructions to the jury.
The third and fourth points are moot because the jury returned a verdict for the plaintiff. The second point is resolved against the appellant on the authority of Cloud v. Fallis, 110 So.2d 669 (Fla., 1959). See also, McCloskey v. Louisville & Nashville Railroad Co., 122 So.2d 481 (Fla.App., 1960); cf. Kaufman v. Sweet et al. Corporation, 144 So.2d 515 (Fla.App., 1962).
A careful review of the evidence herein reveals that although there is no question that the jury would have been warranted in returning a verdict for defendant on a finding that the plaintiff was guilty of contributory negligence, it is also susceptible to the conclusion that the acts of the defendant were the sole proximate cause of the accident. Under these circumstances, a directed verdict may not be granted.
The .rule in Cloud v. Fallis, supra, affords the trial judge great latitude of discretion in determining whether a new trial should be granted on the ground stated by the order in this cause. Under the facts in this case, we cannot say that he abused his discretion in granting a new trial.
Reversed and remanded for a new trial.
KANNER, Acting C. J., and ALLEN, J., concur.