LOPEZ, Jr., AQUILINO, Associate Judge.
This is an appeal by Oscar E. Olsen, Lucy Olsen, Eldridge D. Outten, co-partners doing business under the firm name of Coastal Steel Construction Company, three of the defendants below, from an order of the Circuit- Court of Hillsborough County, *317 Florida, granting a new trial to the appellee, Allied Florida Corporation, a Florida corporation, which was the plaintiff below.
The plaintiff sued the above named defendants and Coastal Steel Construction Co., Inc. and Coastal Steel Erection Co., Inc. for damages allegedly suffered by the plaintiff as the result of the collapse of part of the roof of a building known as J. M. Fields Department Store, Tampa, Florida, which the plaintiff, a prime contractor, had constructed for the owner thereof. The plaintiff’s Complaint alleged that it had entered into a subcontract with the defendants, Oscar E. Olsen, Lucy Olsen and Eld-ridge D. Outten, copartners, as aforesaid, to furnish, deliver and erect the fabricated structural steel for said building.
The Complaint was in two counts. The first count alleged that the proximate cause of the roof’s collapse was the breach by the appellants of the subcontract and the failure of the appellants to furnish, deliver and erect in a good workmanship like manner all fabricated structural steel in compliance with the revised plans, specifications and shop drawings or was the failure of the appellants to follow the directions called for by the applicable shop drawings in welding bottom chords and first diagonal members of the roof trusses to the gussets which had been welded to the 5-inch columns which supported the trusses and the roof. The plaintiff abandoned the second count of the Complaint.
The defendants filed their Answer and the Defendant, Coastal Steel Construction Co., Inc., filed a Counterclaim against the plaintiff for certain labor and materials furnished to the Plaintiff in repairing the building after the roof collapsed. The defendants in their Answer denied the breach of subcontract and the negligence alleged by the Plaintiff, and asserted that the roof collapse was caused proximately by the rain, lightning and storm which occurred immediately prior to, at the time of and subsequent to the collapse of the section of the roof. As affirmative defenses, the defendants asserted assumption of risk or contributory negligence by the Plaintiff refusing to allow and prevented the defendant co-partners from making inspections during the course of the work and itself undertook inspections and that the plaintiff was estopped to recover damages because the plaintiff ordered work being performed by other contractors and subcontractors carried out with such rapidity and in such manner that the co-partners and the City Building Inspectors were prevented from making routine inspections which would have revealed any defects in the work done by the co-partners or their subcontractors.
After a four day trial, the jury returned a verdict in favor of the co-partners defendants finding them not guilty of liability and returned a verdict in the amount of $2,752.00 on the Counterclaim against the plaintiff.
The plaintiff filed motion to Set Aside the Jury Verdict and Judgment entered thereon and to enter a judgment in accordance with the plaintiff’s motion for directed verdict, or, in the alternative, to grant the plaintiff a new trial.
The trial Court entered an order setting aside the verdict and judgment and granted the plaintiff’s motion for new trial. The relevant portions of the order granting the new trial are as follows:
“The Court is very reluctant to set aside the verdict of a jury when a cause has been submitted to that jury for decision. However, in this case, the verdict is clearly against the manifest weight of the evidence and it does not square with right and justice. The Court is of the opinion that the evidence showed conclusively that the proximate cause of the collapse of the roof was the failure of the said defendants, Oscar E. Olsen, Lucy Olsen, and Eldridge D. Outten, co-partners, doing business as Coastal Steel Construction Company, to follow the directions called for by the applicable shop drawings prepared by said defendants, in weld *318 ing the bottom cord and first diagonal members of the roof trusses to the gussets, which had been welded to the five-inch columns which supported the trusses and the roof. During the course of the trial the fact that plaintiff was a large corporation with numerous corporate connections and that defendants constituted a small business concern which could not stand a sizeable judgment against it was prominently-brought out. The Court is of the opinion that the jury was influenced both by prejudice against the plaintiff and sympathy for the defendants and it can conclude only that the jury must either have been deceived as to the force and credibility of the evidence, or else was influenced by considerations outside of the record.
“IT IS THEREFORE ORDERED AND ADJUDGED that the motion for a new trial filed by the plaintiff is hereby granted and the verdict and judgment entered in this cause on April 27, 1962, on both plaintiffs’ claim and defendant’s counterclaim, be and the same are hereby vacated and set aside and the plaintiff, Allied Florida Corporation, be and it is hereby granted a new trial herein both on its complaint against the defendants, Oscar E. Olsen, Lucy Olsen and Eldridge D. Out-ten, doing business as Coastal Steel Construction Company, and on defendant’s, Coastal Steel Construction Company, Inc. counterclaim against the plaintiff.”
This Court recognizes the well established rule that an order of a trial judge is entitled to great weight by the reviewing Court and should not lightly be overturned. Nevertheless, such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion has been abused. If abuse of discretion is apparent from the record then the order of the trial judge may and should be, set aside. Cloud v. Fallis, Fla.1959, 110 So.2d 669; Bennett et al. v. Jacksonville Expressway Authority, Fla.1961, 131 So.2d 740; Learner v. Cothron, Fla.App.1962, 142 So.2d 757; Russo v. Clark, Fla. 1962, 147 So.2d 1; Ridarsick v. Amirkanian, Fla. App. 1962, 147 So.2d 580; Wagner v. McCormick, Fla.App.1963, 153 So.2d 860.
This Court has carefully reviewed the record in this cause and finds that it has not been shown that the learned trial judge abused his discretion. A review of the record shows that the grounds upon which the new trial was granted is borne by the record and we are in agreement with the views and reasons expressed by the able trial judge in his order granting a new trial.
Affirmed.
SMITFI, C. J., and SHANNON, J., concur.