LILES, Acting Chief Judge.
James H. Akles, plaintiff in the trial court, brings this appeal from a directed verdict entered in favor of defendant Lyle R. Holland. Testimony in the trial court showed that appellant Akles was hired by appellee Holland to assist in the demolition of a building in the City of Clearwater. Appellant’s job involved helping Holland load debris into a truck. Holland was placing the debris into the truck, and Akles was standing on top of the truck arranging the materials so that more could be put into one load. At some point, the crane bucket hit Akles and caused him to be thrown to the ground. As a result of the fall from the truck, appellant suffered injuries to his heels.
Akles brought suit against Holland alleging negligent operation of the crane. Holland’s answer to the complaint denied negligence and alleged contributory negligence by appellant Akles. At the close of appellant’s case, appellee moved for a directed verdict, and this motion was granted on the basis that appellant was contribu-torily negligent, as a matter of law. Specifically, the court said, “All facts which would show Mr. Holland negligent would also show * * * the plaintiff negligent.”
Contributory negligence is normally a question for the jury and only when there is no basis upon which the plaintiff should be permitted to recover because of his own negligence is a court justified in taking a case from the jury on the basis of contributory negligence. Sinclair Refining Co. v. Butler, Fla.App.1965, 172 So.2d 499. This is not the case here. We do not agree that anyone who would find Mr. Holland negligent would also find Mr. Akles negligent. Reasonable men might differ in their findings. While a jury would be warranted in returning a verdict *721 for defendant on a finding that the plaintiff was guilty of contributory negligence, the jury might instead reach the conclusion that the acts of the defendant were the sole proximate cause of Aides’ injuries. Wagner v. McCormick, Fla.App.1963, 153 So.2d 860.
A review of the record reveals questions of fact that should be decided by a jury. For these reasons we reverse and remand for action consistent with this opinion.
HOBSON and McNULTY, JJ., concur.