250 So.2d 653 (1971)
CITY OF CORAL GABLES, a Municipal Corporation of Florida, Appellant,
v.
Peter P. BALJET, As Pollution Control Officer of Dade County, and Dade County, a Political Subdivision of the State of Florida, Appellees.
No. 71-254.
District Court of Appeal of Florida, Third District.
July 20, 1971.
Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., for appellant.
Stuart L. Simon, County Atty., and John G. Fletcher, Asst. County Atty., for appellees.
Before SWANN, C.J., and HENDRY and BARKDULL, JJ.
PER CURIAM.
Appellant seeks review of an interim order directing it to perform a stack test on its incinerator to determine pollution level.
The Pollution Control Officer of Dade County issued a notice to show compliance to the appellant, requiring it to perform certain tests on its incinerator to determine if the incinerator was in violation of Sec. 24-21, Code of Metropolitan Dade County, *654 Florida.[1] When the appellant failed to comply, the Pollution Control Officer and the County filed the instant suit in two counts, alleging in Count I that the appellant had violated Sec. 24-21, Code of Metropolitan Dade County, Florida, and, in Count II, seeking a mandatory injunction to compel a stack test. The appellant answered and both parties moved for a summary judgment as to Count II. The motions were denied and the appellees herein took an interlocutory appeal from said order. This court, in Leach v. City of Coral Gables, Fla.App. 1970, 237 So.2d 615, affirmed the trial court's denial of the appellees' motion for summary judgment. The cause proceeded to final hearing, at the conclusion of which the trial court found the appellant in violation of Sec. 24-21, Code of Metropolitan Dade County, Florida, by exceeding the maximum discharge of particulate matter. Based on that finding, the trial court entered the interim order appealed herein.
The appellant contends the trial court erred in: (1) entering the order appealed, thereby redetermining an issue as to Count II of the appellees' complaint which the trial court had previously resolved and the appellate court had affirmed and, (2) ordering the appellant to conduct an expensive test to determine the degree to which the appellant was violating Sec. 24-21, Code of Metropolitan Dade County, Florida, when the trial court had already determined the appellant was in violation thereof. The appellee has cross-assigned error in that portion of the order directing the stack test and in failing to prohibit the appellant from continuing operation after it found it in violation of the pollution control ordinance.
Turning to the appellant's first point, we do not find that the trial judge had redetermined a previously determined issue. The failure to grant a summary judgment does not establish the law of the case; merely defers the matter until final hearing.
We agree with both the appellant and the appellees that once the trial judge found the appellant to be in violation of the ordinance he should have directed the appellant to cease its operation. See: City of Miami v. City of Coral Gables, Fla.App. 1970, 233 So.2d 7.
Therefore, the order under review be and the same is hereby reversed insofar as it directs the appellant to make certain stack tests, and the matter is returned to the trial court with directions to enter an appropriate order requiring the appellant to cease the operation of its incinerator in violation of the ordinance. Such an order would be without prejudice to the trial court permitting, in its discretion, the continuance or [if closed down] the reopening of the plant upon such conditions as it might direct. Compare City of Miami v. City of Coral Gables, supra.
Reversed and remanded, with directions.
NOTES
[1] "Sec. 24-21. Incinerator burning.

"No person shall burn any combustible refuse in any incinerator in Dade County except in a multi-chamber incinerator as described in this chapter, or in equipment found by the pollution control officer in advance of such use to be equally effective for the purpose of air pollution control as an approved multichamber incinerator. The maximum discharge of particulate matter shall not exceed 0.2 grains per Standard Cubic Foot of Dry Gas corrected to fifty per cent (50%) excess air. (Ord. No. 69-95, § 1, 12-19-67)."