PER CURIAM.
This action was filed by Dade County and its pollution control officer against the City of Coral Gables. On one count of the complaint it was alleged the city’s garbage incinerator was being operated in violation of § 24-21 of the Code of Metropolitan Dade County (through excessive pollutant discharge), by reason whereof an injunction was sought to restrain the continuance of such operation. By a second count a mandatory injunction was sought to require the city to have a “stack test” made, as a means of determining the degree of pollutant discharge. Following trial of the cause before the court a judgment was entered finding the operation of the incinerator was in violation of § 24 — 21 of the county Code, by exceeding the maximum allowable discharge of particulate matter, and (without thereupon enjoining the operation) ordering the city to conduct the “stack test,” as sought by plaintiffs in the second count.
On an appeal therefrom the city contended it was error to order it to conduct the stack test. In that earlier appeal the county, by cross-assignment of error, also argued for reversal of the order for the stack test, on the ground it was unnecessary in view of the trial court having found, upon the evidence, aside from a stack test, that the operation was in violation of the Code.
Upon that appeal (City of Coral Gables v. Baljet, Fla.App.1971, 250 So.2d 653), this court reversed the provision of the judgment which ordered the stack test, and remanded the cause to the trial court with certain directions, as follows:
“We agree with both the appellant and the appellees that once the trial judge found the appellant to be in violation of the ordinance he should have directed the appellant to cease its operation. See: City of Miami v. City of Coral Gables, Fla.App.1970, 233 So.2d 7.
“Therefore, the order under review be and the same is hereby reversed insofar as it directs the appellant to make certain stack tests, and the matter is returned to the trial court with directions to enter an appropriate order requiring the appellant to cease the operation of its incinerator in violation of the ordinance. Such an order would be without prejudice to the trial court permitting, in its discretion, the continuance or [if closed down] the reopening of the plant upon such conditions as it might direct. Compare City of Miami v. City of Coral Gables, supra.”
In the proceedings upon remand, in which additional evidence was presented of violation of the Code in the respect above mentioned, the city presented evidence as to the difficulty and impracticality of an alternative method of disposition of the garbage, by use of the city dump. Based on the latter evidence the city contended unsuccessfully in the trial court that because of difficulties incident to the alternative of using the city dump it would be inequitable to enjoin the incinerator operation notwithstanding the latter operation was in violation of the county Code.
In the judgment ultimately entered, from which this appeal was taken by the city, the *275 trial court, on September 20, 1971, ordered as follows:
“1. That the City of Coral Gables is prohibited and enjoined from operating the incinerator located at 2800 S. W. 72nd Avenue, Dade County, Florida.
“2. That the Court defers the operation of this injunctive order under November 19, 1971, during which time the defendant City of Coral Gables may present to this Court a plan whereby the incinerator may be so improved or a method of operating said incinerator may be devised to eliminate the discharge of particulate matter exceeding 0.2 grains per Standard Cubic Foot of Dry Gas corrected to fifty per cent (50%) excess air.”
The appellant argues insufficiency of the evidence to support the trial court’s finding of violation of the Code. In support thereof the city contends that such violation could not be established without a stack test having been made (although on the first appeal the city had successfully contested an order of the trial court requiring it to make a stack test).
Having reviewed the record we agree with the holding of the trial court that violation of the Code was shown by the evidence, aside from and without a “stack test.”
A second contention of the appellant city is that the trial court erred in rejecting its argument that the difficulties and disadvantages of garbage disposal in a manner other than by the incinerator operation in question constituted an equitable reason for which the trial court should have denied an injunction to restrain operation of the incinerator, notwithstanding such operation was found to be in violation of the Code. In opposition thereto the ap-pellees point out there was no showing of absence of an alternative to the enjoined incinerator operation, and take the position that the trial court properly found that difficulty or inconvenience of an alternative method of disposal of the garbage, if such existed would not be ground for permitting continuance of an incinerator operation which was shown to be in violation of the Code. We find merit in that argument of the appellee.
Basically, the question presented on this appeal is whether the judgment appealed from, as quoted above, was in accordance with the directions and mandate of this court made on the earlier appeal (250 So. 2d 653).
On consideration of the record and briefs, we hold that it was, and that no reversible error has been shown.
Affirmed.