BOYER, Chief Judge.
Appellee’s motion to quash raises the issue whether and to what extent the “law of the case” concept applies when an order of the trial court which has been upheld by way of interlocutory appeal is again challenged by way of final appeal. After the trial court entered its order of partial summary judgment in favor of appellee (plaintiff in the trial court), appellants filed their notice of interlocutory appeal. This Court fully considered the arguments of appellants on the merits and dismissed the interlocutory appeal. Schempp v. Schempp, Fla.App. 1st 1976, 327 So.2d 120. Petition for rehearing was denied. Upon receiving this Court’s mandate, the trial court without taking additional evidence or testimony, entered final judgment in favor of appellee from which appellants have brought a full appeal.
Under the “law of the case” doctrine, questions decided on appeal in courts of ultimate resort must govern the case in the same court through subsequent stages of proceedings, McGregor v. Provident Trust Co. of Philadelphia, 1935, 119 Fla. 718, 162 So. 323. It has been long established that the “law of the case” doctrine applies to a question raised in an appeal from a final decree which has been previously decided adversely to an appellant in the appeal of an interlocutory order. (Harvey v. City of St. Petersburg, 1940, 143 Fla. 559, 197 So. 116, cert. den. 311 U.S. 697, 61 S.Ct. 136, 85 L.Ed. 452) An appellate court does, however, have the power to reconsider and correct erroneous rulings notwithstanding that such rulings have become the law of the case. (Strazzulla v. Hendrick, Sup.Ct. Fla.1965, 177 So.2d 1)
Appellee argues that appellants are attempting to obtain reversal of the final judgment by challenging an interlocutory order which has been appealed and upheld previously by this Court. Appellants reply that different issues not raised in the interlocutory appeal are presented in the full appeal, and that, to the extent that the full appeal does reargue the issues raised in the prior interlocutory appeal, this Court should reconsider those issues to prevent manifest injustice. (See Struzzulla v. Hendrick, supra)
Upon full consideration of the record and briefs filed by appellants in both the present and prior appeals, we have concluded that appellee’s motion to quash should be granted. Of the several points raised by appellants in their brief filed in the full appeal, all except one point, challenge the order of partial summary judgment which has been previously upheld by this Court in the prior interlocutory appeal. Our examination of the record has not caused us to conclude that reliance on our decision in the interlocutory appeal as the law of the case will result in manifest injustice. The only new point raised by appellants in the full appeal concerns the failure of the trial court in his order of final summary judgment to allow appellants to amend their pleadings. That point, however, was never presented to the trial court by appellants, and our review of the record reveals that the trial court did not err in entering final judgment without of its own volition permitting appellants to amend their pleadings.
APPEAL DISMISSED.
McCORD and SMITH, JJ., concur.