PER CURIAM.
Appellant filed two interlocutory appeals, Case Nos. 76-215 and 76-216, from two order of the trial court, dated December 29, 1975, and January 12, 1976. The order of December 29, 1975, removed and vacated a lien which appellant had filed on condominium units owned by appellee, Allington Towers North, Inc. The order of January 12, 1976, discharged a Lis Pendens which appellant had filed. Upon appellant’s motion, these interlocutory appeals were consolidated.
In an abundance of caution, appellant also filed two plenary appeals from the orders of December 19, 1975, and January 12, 1976. Upon motion, these cases were also consolidated. In its brief filed in the interlocutory appeals, appellant states:
“Appellant considers these Orders interlocutory in nature, and these appeals therefore properly taken as interlocutory. However, perhaps in an excess of caution, Appellant has also filed appeals under Rule 3.11 Appellate Rules, in the event that such Orders may be considered ‘final’ in disposing of any Count of the complaint in Case No. 1, and/or of the counterclaim in Case No. 2. But since by its very terms the Order vacating the lien did not dispose of the entire claim between these parties, nor of any Count completely distinct and unrelated to any other, it would seem to be apparent that it, and the corollary Order discharging the Lis Pendens, were, in fact, interlocutory.”
On March 4, 1976, appellant filed a motion requesting this court to allow appellant to use its brief and appendix filed in the interlocutory appeals (Case Nos. 76-215 and 76-216) as its brief in the two plenary appeals. The primary ground of said motion was that “these appeals [the plenary appeals] contain identical questions of fact and law . . . ”. This motion was granted and the briefs filed in the plenary appeals are the identical briefs filed in the interlocutory appeals.
On January 14, 1977, this court affirmed the consolidated interlocutory appeals without opinion. However, the affirmance of the interlocutory appeals was a disposition on the merits; it was not a dismissal as appellant seems to contend. Thereafter, on *1177 April 11,1977, appellant filed a Petition for Certiorari to the Supreme Court of Florida, which proceeding has not yet been terminated.
On October 20, 1977, appellees moved to dismiss the plenary appeals in Case Nos. 76-217 and 76-218, on the grounds that the issues contained therein are identical to the issues in the two interlocutory appeals and that those issues had been decided by this court in the decision affirming the interlocutory appeals.
We agree. Accordingly, the appeals in Case Nos. 76-217 and 76-218 are hereby dismissed.
DOWNEY, DAUKSCH and ANSTEAD, JJ., concur.