381 So.2d 245 (1979)
STATE of Florida, Petitioner,
v.
LoCHIATTO, Michael R., et al., Respondents.
No. 78-493.
District Court of Appeal of Florida, Fourth District.
October 10, 1979.
On Motion For Review March 19, 1980.
*246 Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for petitioner.
Thomas F. Luken, Fort Lauderdale, for respondents.
Michael J. Satz, State's Atty., and Patti Englander, Asst. State's Atty., Fort Lauderdale, for petitioner on motion for review.
PER CURIAM.
Petition for certiorari is denied.
DOWNEY, C.J., and MOORE, J., concur.
SPENCER C. CROSS, Associate Judge, dissents without opinion.

ON MOTION FOR REVIEW
PER CURIAM.
This cause is before this court upon the State's December 14, 1979, motion (filed pursuant to Florida Rule of Appellate Procedure 9.400(c)) for review of a November 14, 1979, order of the trial court assessing costs and an attorney's fee in favor of respondent, Michael R. LoChiatto.
The jurisdiction of this court was initially invoked by a notice of appeal filed on March 7, 1978, by the State to seek review of a February 15, 1978, order of the trial court imposing sanctions upon the State for wrongfully interfering with the taking of a witness's deposition. On July 12, 1978, this court ordered that the matter should be treated as a common law certiorari proceeding. On February 7, 1979, LoChiatto filed a motion asking this court to award him an attorney's fee against the State. The motion cited Section 57.105, Florida Statutes (1977), as authority for such an award. On October 10, 1979, this court entered an order denying the State's petition for certiorari and an order granting respondent's motion for an attorney's fee. The latter order remanded the cause to the trial court for assessment of the amount of the fee "upon due notice and hearing subject to review by this court under Rule 3.16(c, d), F.A.R." (We note here that the reference to Rule 3.16(c, d), F.A.R. was improvident since that rule had been replaced by Florida Appellate Rule 9.400(c).)
Upon remand the trial court, pursuant to our October 10, 1979, order held a hearing on November 14, 1979, to assess the amount of the attorney's fee for respondent and on the same day entered an order awarding respondent a fee of $3,000, together with $250 in costs and $107.85 as interest on a sum awarded respondent in the trial court's order of February 15, 1978. It is that order of November 14, 1979, which we now review, pursuant to Florida Rule of Appellate Procedure 9.400(c).
Both at the November 14th hearing and in its December 14th motion the State contended that Section 57.105 did not constitute authority for allowing an attorney's fee against the State in a criminal case. The State points out that on remand in the trial court LoChiatto changed his position and claimed Florida Appellate Rule 3.16 as authority for the allowance of attorney's fees. Since the Florida Rules of Appellate Procedure replaced the Florida Appellate Rules as of March 1, 1978, we assume respondent proposed to proceed under Florida Rule of Appellate Procedure 9.400(b).
LoChiatto's December 17, 1979, response to the State's motion for review suggests that the allowance of interest and costs cannot be reviewed pursuant to Rule 9.400(c). We disagree. Furthermore, the response asserts that the State's motion for *247 review cannot question the award of an attorney's fee because this court authorized such an award in its order of October 10, 1979, and that order became the law of the case. Ordinarily, respondent's position relative to the law of the case would be sound and that would end the matter. However, we are persuaded that this court's order of October 10, 1979, awarding an attorney's fee and remanding the cause to the trial court for determination of the amount was erroneous. Section 57.105, which provides:
57.105 Attorney's fee. The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
does not authorize this court to assess an attorney's fee against the State for appellate proceedings in a criminal case for the reason that the statute pertains to appellate proceedings in civil cases. Nor does Florida Rule of Appellate Procedure 9.400 contain any authorization for the assessment of an attorney's fee in a criminal case.
Under the foregoing circumstances, even though our prior order has become the law of the case, this court retains the authority to correct its erroneous prior ruling. In Strazzula v. Hendrick, 177 So.2d 1, 3 (Fla. 1975), the Supreme Court of Florida quoted with approval the following pronouncement from Beverley Beach Properties v. Nelson, 68 So.2d 604:
We may change `the law of the case' at any time before we lose jurisdiction of a cause and will never hesitate to do so if we become convinced, as we are in this instance, that our original pronouncement of the law was erroneous and such ruling resulted in manifest injustice. In such a situation a court of justice should never adopt a pertinacious attitude.
With regard to the allowance of $250 as costs for an expert witness, that portion of the November 14, 1979, order should follow our disposition of the determination of the attorney's fee. The allowance of interest on the trial court's earliest award of a sum constituting sanctions is also unauthorized. See Dade County v. O.K. Auto Parts of Miami, Inc., 360 So.2d 441 (Fla. 3rd DCA 1978).
In view of the foregoing, with some degree of embarassment we recede from our order of October 10, 1979, which awarded respondent an attorney's fee against the State, grant the motion for review, and quash the trial court's order of November 14, 1979, which was entered pursuant to our direction in our order of October 10, 1979.
DOWNEY, C.J., and MOORE and HURLEY, JJ., concur.