# STATE OF FLORIDA v SELINGER, et al.
## Case No. 85-7707-CF
Fourth Judicial Circuit, Duval County
July 21, 1986

### APPEARANCES OF COUNSEL

**Harold B. Wahl, Wahl and Gabel,** for publisher/news reporter.

**Russell L. Healey, Inman, Tassone, Landau & Healey,** for defendants.

**Clyde F. DeWitt, Brown, Weston & Sarno,** for defendants.

**Bruce L. Randall** for defendants.

**Alan Rosner,** Assistant State Attorney, for State of Florida.

## OPINION OF THE COURT

LOUIS SAFER, Circuit Judge.

### ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES

The Court is confronted with a motion for fees filed in this criminal case by attorneys for a news reporter who was subpoenaed, but whose subpoena was quashed after a hearing. The motion is filed jointly by the publisher of the newspaper for whom the news reporter works.

### FACTS

The facts are best set forth in the attachments hereto.

Appendix A—Application for Order Authorizing Issuance of Subpoena Duces Tecum

Appendix B—Motion to Quash Subpoena to Newsgathering Media

Appendix C—Response to Motion to Quash

Appendix D—Order Denying Application for Motion Authorizing Issuance of Subpoena Duces Tecum (Granting Motion to Quash)

Appendix E—Motion for Attorney's Fee

Appendix F—Opposition to Motion for Attorney's Fee

### CONTENTIONS

Reporter/Publisher contend:

1. There is no statutory basis for an award of attorney's fee in a criminal case. Nevertheless, the Court has inherent power in a criminal case to assess any attorney's fee in any case in which an innocent person has been the subject of harassment, applying the principle and theory of F. S. 57.105 which is applicable in civil cases.

2. The fee should be in the exact amount of the bill rendered, but testimony can be presented to prove reasonableness if required by the Court.

3. The award should be against defendant Transworld Video Sales, Inc.

Defendants contend:

1. There is no statutory or case law basis to award a fee in a criminal case on facts as alleged in motion.

2. There was a justiciable issue and the subpoena was not issued frivolously or for harassment.

3. There should not be an award for attorney's fees in any amount.

## ISSUES

(1) Does the court have authority to award an attorney's fees in this case?

(2) If so, in what amount?

## APPLICABLE LAW

This is a novel issue and there are no reported cases on point. The Court will reach a conclusion based upon legal principles.

### 1. *F.S. 57.105 Attorney's fee*

The Court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the Court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.

### 2. *State v. Lochiatto*, 381 So. 2d 245 (Fla. 4th DCA 1979)

Held: Neither statute nor rule authorizes assessment of attorney's fees against the State for appellate proceedings in a criminal case.

Section 57.105 (Florida Statutes (1977)) pertains only to civil cases.

### 3. *The Castaway Lounge of Bay County, Inc. v. Philip Reid*, 411 So. 2d 282 (Fla. 1st DCA 1982)

Involved F. S. 57.105, and contains these observations:

"Potential litigants and their counsel must realize that serious thought should precede the pursuit of what later may be deemed to be an irresponsible and frivolous claim. Conversely, those parties who ignore their responsibilities toward others with whom they have relations must bear the financial burden when provoking, by action or inaction, unjustified litigation. This we recognize to be the public policy enunciated by the legislature. The policy is not to cast a chilling effect upon use of the court system but only to discourage unwarranted controversy."

### 4. Article, *The Florida Bar Journal*, July, 1952:

"Attorney's Fee Taxed Against a Party Because of His Inequitable Conduct"

### 5. Article, *The Florida Bar Journal*

"Attorneys' Fees Taxed Against Opposing Party"

140

6. *Campara v. Muir*, 786 F.2d 188 (3rd Circuit, 1986)

Held: Award of attorney's fees to United States, which had voluntarily provided defense for federal district court judge, was proper in libel action based on publication of unflattering references from judge's opinion, where action was filed with party and his attorney knowing it was subject to unqualified defense of judicial immunity, and party and his attorney persisted in prosecuting action after they knew the defense would be pled.

## CONCLUSIONS

1. There is no statutory basis to support the claim for attorney's fee.

2. The public policy of this State is to discourage unwarranted controversy.

3. The public policy can be expressed through legislative action (F. S. 57.105) or through judicial action (Florida Supreme Court unreported order on 8/14/51 in case of *Dade County News Dealers Supply Co. v. Southern Bell Telephone and Telegraph Company*).

4. Where a party persists in a course of action to which the party knows that he is not entitled, then that party should be responsible for costs incurred by the other party against whom the unwarranted action is commenced. *Campara*

5. In this case:

(a) Defendants were entitled to pursue discovery of such evidence as might be helpful in their defense. As explained in its Opposition to Motion, on December 23, 1985, the defendants thought that the deposition of David Nickell, the *Florida Times Union* reporter was necessary.

(b) It was represented by attorney for Mr. Nickell that he attempted to discourage defendants from pursuing the subpoena, but the only concession obtained was that the taking of the deposition would be delayed until after a ruling on the Motion to Quash.

(c) At all times, the attorneys for defendant were expert in the law pertaining to first amendment rights and were cognizant of the *Blanton* criteria.*

(d) The attorneys for defendant could have moved the Court to continue the hearing on its application for a subpoena duces tecum directed to the newsman until after the Court's ruling on the other pending subpoenas. Since that would not have prejudiced the news-

---

* *United States v. Blanton*, 534 Fed. Supp. 295 (S.D. Fla., 1982)

man, such motion would have been granted. They nevertheless persisted in holding a hearing.

(e) The morning of the motion hearing, the Court heard argument first on newsman's Motion to Quash, as an accommodation to Mr. Wahl, because the defense attorneys had other pending motions with the State Attorney that would take a long time to argue. At the motion hearing, the attorney for defendant acknowledged that the *Blanton* criteria could not be met.

This was before he knew how the Court would rule on the motions to quash the other subpoenas. Counsel for defendant knew when the subpoena was issued that that the *Blanton* criteria could not have reasonably construed any court order setting a deadline for discovery, to include discovery to which he is not entitled.

## FINDINGS

1. The service of a subpoena on the newsman was unwarranted. There was no justiciable issue as defense attorneys knew at the time the subpoena was sought that such application was premature. It amounts to harassment of the newsman, causing the newsman and his publisher to expend money for attorney's fees. This causing of unnecessary controversy is against the public policy of the State of Florida.

2. The Court has authority to assess attorney's fees under the circumstances of this case.

3. Absent an agreement as to a reasonable fee, the amount must be proved by competent testimony.

4. Although the subpoena was directed to the news reporter, the publisher has the responsibility to defend on First Amendment issues, and the publisher assumed the financial obligation for such defense. Therefore, the Florida Publishing Company would be entitled to reimbursement.

ORDERED AND ADJUDGED that the motion for allowance of attorney's fees is granted, to be assessed against Transworld Video Sales, Inc..

FURTHER ORDERED AND ADJUDGED that the reasonable amount of attorney's fees must be proved by competent evidence. If the attorneys agree to use affidavits, the Court will accept same. Otherwise, the Court will set a hearing in late August for the purpose of taking testimony as to a reasonable amount of fee. The attorneys shall notify the Court in writing by not later than August 11, 1986, as to whether or not they are agreeable to the use of affidavits.

FURTHER ORDERED AND ADJUDGED that the Court does not know if this order is appealable since the money judgment has not been entered. If it is appealable in its present form, the Court will delay the setting of the fee until after disposition of the appeal. By appellate rules, this Court loses jurisdiction when the appeal is filed. If it is not appealable in its present form and the defendant desires to appeal, I can set the amount requested by Mr. Wahl, with the understanding that if this order is affirmed on appeal, it would be remanded for an evidentiary hearing on attorney's fee. If this order is reversed on appeal, thee will be no need for such a hearing. The Court is willing to entertain any other suggestions to facilitate an appeal by defendant.

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 21st day of July, 1986.