PER CURIAM.
We dismiss the above styled appeal from a final judgment for two reasons.
First, the issues involved in this appeal were raised and decided in an interlocutory appeal, Florida Patient’s Compensation Fund v. Caduceus Self Insurance Fund, 529 So.2d 1215 (Fla. 4th DCA 1988). We do this upon authority of Schempp v. Schempp, 339 So.2d 672 (Fla. 1st DCA 1976).
Second, the trial court did not have the authority or jurisdiction to enter a final partial summary judgment on liability while this court was considering the very same issue on a non-final appeal. Georges v. Insurance Technicians, Inc., 486 So.2d 700 (Fla. 4th DCA 1986); Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982); Leo Goodwin Foundation, Inc. v. Riggs National Bank of Washington, D.C., 374 So.2d 1018 (Fla. 4th DCA 1979); Allington Towers Condominium North, Inc. v. Seidler, 352 So.2d 1176 (Fla. 4th DCA 1977); Waltham A. Condominium Association v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976).
APPEAL DISMISSED.
DELL, WALDEN and POLEN, JJ., concur.